IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON C. VARNER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1640 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Petitioner files this section 2254 habeas petition challenging his 2010 guilty plea. The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

> pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

Public state court records show that petitioner pleaded guilty and was sentenced on October 15, 2010. The trial court certified that petitioner had no right of appeal, and no appeal was filed. Thus, petitioner's conviction became final for purposes of AEDPA thirty days later, on November 15, 2010, and limitations expired one year later, on November 15, 2011. Petitioner's first application for state habeas relief, filed with the state trial court on January 9, 2012, was filed after expiration of limitations and provided petitioner no tolling benefit. The instant federal habeas petition, filed on June 6, 2014, shows on its face that it is barred by limitations.[1]

Because petitioner's petition showed on its face that it was barred by limitations, the Court ordered petitioner to show cause, by written response, why the petition should not be dismissed as barred by limitations. In his response (Docket Entry No. 7), petitioner states that he was assigned to the Connally Unit on May 6, 2011, and was "illegally denied access to the law library" at undisclosed times while he was at the unit. He also claims that Connally Unit officers refused to give him a section 2254 form so he could file a habeas petition. Petitioner states that he regained access to a law library on April 11, 2014, when he was temporarily sent to another unit for anger management classes, and was able to pursue litigation at that point until he was sent back to the Connally Unit. Petitioner argues that state action impeded his inability to pursue litigation from May 6, 2011, to April 11, 2014. According to petitioner, the state impediment began May 6, 2011, and

---

[1] Petitioner was advised on January 23, 2014, in an earlier section 2254 habeas case that his federal claims were untimely and subject to dismissal as barred by limitations. *See Varner v. Stephens*, C.A. No. H-14-0136 (S.D. Tex. 2014) (dismissed at petitioner's request).

continued until April 11, 2014, such that the AEDPA one-year limitation commenced April 11, 2014.

In order to invoke the provisions of section 2244(d)(1)(B), a prisoner must show that he was prevented from filing a petition by State action in violation of the Constitution or federal law. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Petitioner's allegations, and this Court's review of public court records, do not establish a state impediment that prevented petitioner's timely filing of a habeas petition, nor does petitioner show that any such state impediment remained extant until April 11, 2014. To the contrary, petitioner filed his state habeas petition on January 9, 2012, during the alleged period of a state impediment; clearly, petitioner was not prevented from pursuing litigation while assigned to the Connally Unit. Moreover, public court records show that petitioner filed three federal lawsuits in 2013 and three federal lawsuits in January and March of 2014, again during the alleged period of a state impediment. Three of these lawsuits were section 2254 habeas petitions, and three were section 1983 lawsuits. Inexplicably, the three federal habeas petitions were filed on the section 2254 form petitioner claims he was "unable" to obtain until April 11, 2014. Indeed, the federal habeas petition filed in January 2014 challenged the same conviction made the basis of the instant habeas petition. Moreover, public state court records reveal that petitioner filed applications for state habeas relief with the Texas Court of Criminal Appeals in January, May, and October of 2013. These public records show that, contrary to his assertions, petitioner was not unable to file lawsuits or pursue his habeas claims prior to April 11, 2014.

Of equal significance, petitioner's response fails to address the fact that he was not transferred to the Connally Unit until May 6, 2011. Petitioner's conviction became final for purposes of AEDPA in November 2010, and petitioner provides no justification for not pursuing

3

habeas relief prior to his transfer in May 2011. Even assuming a state impediment were to have existed at the Connally Unit as of May 6, 2011, the impediment did not prevent petitioner from pursuing habeas relief prior to that date.

To the extent petitioner claims he was unable to file this petition prior to November 15, 2011, due to lack of access to his state court records, his claim is unsupported. Petitioner raised his instant claims in an application for state habeas relief, and he provides no probative summary judgment evidence showing he was unable to then pursue federal relief without a copy of the records. To the contrary, petitioner challenged the instant conviction in a federal habeas petition filed January 13, 2014. Accordingly, petitioner fails to show that any lack of access to his state court records prevented his timely pursuit of habeas relief.

Although petitioner does not specifically claim entitlement to equitable tolling, a review of his response and public court records shows that equitable tolling would not be merited. A habeas petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance prevented a timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Here, petitioner's own assertions show that he took no legal action for the approximate five-month period between November 15, 2010, when his conviction became final, and April 11, 2011, when he was transferred to the Connally Unit. Accordingly, he fails to show that he had been diligently pursuing his legal rights.

Petitioner's federal habeas petition is DISMISSED WITH PREJUDICE as barred by the AEDPA one-year statute of limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Because of his propensity for filing pleadings written in handwriting so small as to be essentially illegible, petitioner is again admonished that any further pleadings he may file in this case are to be typewritten or handwritten in block letters of a size equivalent to at least a 13–point font. This order is printed in a 13–point font. Any pleadings, correspondence, or other documents filed by petitioner that do not comply with these requirements will be stricken from the record.

Signed at Houston, Texas on August 5, 2014.

Gray H. Miller
United States District Judge